UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWEST DIVISION

| | |
|---|---|
| DELBERT STANFIELD, | ] |
| Plaintiff(s), | ] |
| vs. | ] CV-00-CO-02321-NW |
| CITY OF FLORENCE, ALABAMA, | ] |
| Defendant(s). | ] |

MEMORANDUM OF OPINION



I.  INTRODUCTION.

On the 6th day of January 2003, the Eleventh Circuit Court of Appeals issued as a mandate the Judgment it rendered in the above styled cause of action. [Doc. # 30]. Plaintiff filed a Petition for Writ of Certiorari in the United States Supreme Court, resulting in a stay of this case for ninety days. [Doc. # 32]. On the 9th day of June 2003, this case was stayed for an addition 90 days. [Doc. # 34]. On the 6th day of October 2003, the United States Supreme Court denied the Petition for Writ of Certiorari. On the 20th day of October 2003, Defendant filed its Motion for Entry of Judgment as a

Matter of Law. [Doc. # 35]. This court issued an order requiring the plaintiff to show cause why the motion for judgment should not be granted. [Doc. # 37]. Plaintiff subsequently filed a Motion for Sanctions [Doc. # 38], a Motion to Affirm Judgment [Doc. # 39], a Response to Show Cause Order [Doc. # 40], a Motion to Strike [Doc. # 41], and a Notice of Filing Affidavit [Doc. # 42]. On the 1st day of December 2003, Defendant filed Defendant's Motion to Strike [Doc. # 45] and Defendant's Supplemental Reply [Doc. # 46].

The issues raised in the motions have been fully briefed by the parties and are now ripe for decision. The court held a hearing on the motions on the 9th day of December 2003. Upon due consideration, the court is of the opinion that the Motion for Sanctions [Doc. # 38], the Motion to Affirm Judgment [Doc. # 39], and the Motion to Strike [Doc. # 41] are due to be denied. It is further the opinion of the court that the Motion for Entry of Judgment as a Matter of Law [Doc. # 35] is due to be granted.

II.  DISCUSSION.

The mandate from the Eleventh Circuit is clear, it requires the Motion for Judgment as a Matter of Law [Doc. # 35] to be granted. The motion will be granted.

The plaintiff has filed with this court various motions all directed at what the plaintiff contends is a violation of Rule 11 of the Federal Rules of Civil Procedure. Plaintiff asserts that the denial of the allegation that Plaintiff had sued within 90 days of receiving the "right to sue" letter was a violation of Rule 11 and thus actionable.

Rule 11(b) states in part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . .
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are

reasonably based on a lack of information or belief.
. . .

*Fed. Rules of Civil Proc. Rule 11.*

The appropriate conduct by the defendant in this case would have been to take some action, such as to amend its answer prior to the pretrial conference, removing the defense concerning the right to sue letter. Since the defendant did not take such action, the appropriate conduct by the plaintiff would have been to bring up the matter in the pretrial conference or offer the appropriate evidence at trial and then to seek relief pursuant to Rule 11. Rule 11 could clearly then be utilized to compensate the plaintiff for any and all cost incurred by Plaintiff in presenting the additional evidence.

If either of these alternatives would have been chosen the results would clearly be different. If the plaintiff, after the conclusion of the trial but prior to the District Court losing jurisdiction, had sought to reopen the evidence, or in the alternative to have the court grant a new trial based on the violation of Rule 11, perhaps the results would also be different. The point is, there is fault in both the conduct of the defendant and the plaintiff.

Case 3:00-cv-02321-LSC   Document 50   Filed 01/13/04   Page 5 of 6

The plaintiff made substantially the same arguments to the Eleventh Circuit. The Eleventh Circuit could have remanded the case to this court for a determination of the Rule 11 issue but did not.

This court does have the ability to impose Rule 11 sanctions even after a case is terminated. The sanctions sought by the plaintiff would award the plaintiff for his neglect. That is not the purpose of Rule 11. The defendant has incurred additional expense in responding to the motions filed by the plaintiff; this court declines to impose any further sanction.

III. CONCLUSION.

Defendant's Motion for Entry of Judgment as a Matter of Law. [Doc. # 35] will be granted. Plaintiff's Motion for Sanctions [Doc. # 38], Motion to Affirm Judgment [Doc. # 39], and Motion to Strike [Doc. # 41]are due to be and will be denied. Defendant's Motion to Strike [Doc. # 45] is due to be and will be granted.

The court will enter an appropriate order in conformity with this memorandum of opinion.

Page 5 of 6

Done, this  12th  of January, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE